United States District Court
District of Massachusetts

|   |   |
|---|---|
| EDWARD REYNOSO, individually and on behalf of all others similarly situated,  Plaintiff,  v.  LASERSHIP, INC. and BLAKE AVERILL,  Defendants. | Civil Action No. 17-11607-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Edward Reynoso ("plaintiff" or "Reynoso") brings this purported class action against LaserShip, Inc. ("LaserShip") and its Chief Executive Officer ("CEO"), Blake Averill (collectively "defendants"), for alleged violations of the Massachusetts Wage Act and Massachusetts overtime laws. Reynoso contends that LaserShip classifies its employees as independent contractors in order to avoid paying overtime wages.

Pending before the Court is LaserShip's motion to dismiss or, in the alternative, to transfer venue to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motion will be allowed and the case will be transferred.

I. **Background**

    A. Factual and Procedural Background

LaserShip, a package delivery company, is a Delaware corporation with its principal place of business in Virginia. Defendant Blake Averill is CEO of the company and resides in the Washington D.C. metropolitan area. Reynoso, a Massachusetts resident, was a professional owner-operator providing equipment and labor services to LaserShip from November, 2012, to May, 2017. In May, 2017, the parties executed an Independent Contractor Agreement ("Agreement") which governed the terms and conditions of their business relationship. That Agreement superseded independent contractor agreements previously entered into between the parties in January, 2014, August, 2014 and March, 2016. The Agreement contains a merger clause stating that it supersedes any and all other agreements between the parties. It also includes a mandatory forum selection clause as follows:

> Choice of Forum. The parties agree that any legal proceedings between the parties arising from, in connection with, or relating to this Agreement or arising out of, in connection with or relating in any way to any prior agreements between the parties, any current or prior relationship between the parties, any other dealings between the parties, or to any aspect of the relationship between the parties to this Agreement, whether under federal, state, local, or foreign law, shall be brought exclusively in Vienna, Virginia, or in the nearest location in Virginia where such proceedings can be maintained. LaserShip and Contractor hereby consent to the jurisdiction and venue of such fora.

Throughout his employment with the company, Reynoso was responsible for delivering packages for LaserShip and was paid according to the number of deliveries he made. LaserShip assigned Reynoso certain routes, set his schedule, prevented him from delivering for any other company, required him to drive a white van and provided him with a uniform bearing the LaserShip logo. LaserShip also required Reynoso to report to the warehouse for each day of work by 8:30 a.m. to retrieve packages and to call the warehouse at the end of the day to confirm that the routes were complete. Reynoso asserts that he, and others similarly situated, have been misclassified as independent contractors and that there was an employer-employee relationship between LaserShip and those providing equipment and labor services to LaserShip.

Reynoso also alleges that as a result of that misclassification, he and other delivery drivers have suffered damages and incurred expenses that should have been paid by LaserShip, such as expenses for gasoline, vehicle maintenance and payroll taxes. Further, Reynoso and other drivers regularly worked more than 40 hours per week and, because paystubs did not include all hours worked, Reynoso and others similarly situated suffered lost wages.

Reynoso brought this action in Massachusetts Superior Court for Middlesex County asserting claims individually and on behalf

of others similarly situated for 1) misclassification as independent contractor in violation of the Wage Act, M.G.L. c. 149, §§ 148B & 150 ("the Wage Act"), 2) nonpayment of overtime wages in violation of the Massachusetts Overtime Law, M.G.L. c. 151, §§ 1A & 1B, 3) nonpayment of earned overtime wages in violation of M.G.L. c. 149, §§ 148 & 150, 4) failure to maintain proper payroll records in violation of M.G.L. c. 149, § 148, M.G.L. c. 151, § 15 and 454 CMR 27.02(2) and 5) unjust enrichment. LaserShip timely removed the case to this Court on diversity grounds.

LaserShip moves to dismiss or to transfer venue (Docket No. 12). For the foregoing reasons, that motion will be allowed.

**II. Legal Analysis**

    **A. Legal Standard**

The Supreme Court has held that the appropriate mechanism to enforce a forum-selection clause is through a motion to transfer under 28 U.S.C. § 1404(a). Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 58-59 (2013). Under § 1404(a), a district court may transfer a civil action to any other district where it might have been brought

> [f]or the convenience of parties and witnesses, in the interest of justice.

The Court expressly declined to consider whether a motion to dismiss for failure to state a claim under Rule 12(b)(6) is a

proper alternative for enforcement of a forum-selection clause. Id. at 580. In this Circuit, a valid forum-selection clause can also be enforced through a Fed. R. Civ. P. 12(b)(6) motion. Claudio-de Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) ("[A]bsent a clear statement from the Supreme Court to the contrary, the use of Rule 12(b)(6) to evaluate forum selection clauses is still permissible in this Circuit.").

Normally, while the decision to transfer a case under § 1404(a) lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum. Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012).

> [U]nless the balance is strongly in favor of the defendant, a plaintiff's choice of forum should rarely be disturbed.

Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

Nevertheless, the Court in Atlantic Marine held that the calculus fundamentally changes when the parties' contract contains a valid forum-selection clause. 571 U.S. at 62; see also Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 18 (1st Cir. 2009) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972) (forum-selection clauses are "prima facie valid")). The Supreme Court has emphasized that

> enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.

Atl. Marine, 571 U.S. at 63 (citation omitted).

The Atlantic Marine decision shifted the § 1404(a) analysis in three ways in cases where the contract contains a valid forum-selection clause. Id. First, the plaintiff's choice of forum "merits no weight". Id. Second, the district court "should not consider arguments about the parties' private interests". Id. at 64. Only public interest factors can be considered, however those factors "will rarely defeat a transfer motion". Id. Third, when a plaintiff who is contractually obligated to file suit in a specific forum flouts that duty, a transfer of venue under § 1404(a) "will not carry with it the original venue's choice-of-law rules." Id. at 64-65 (noting that the opposite would only "encourage gamesmanship" and give an unwarranted "privilege" to a plaintiff's choice of forum).

**B. Analysis**

LaserShip moves to dismiss Reynoso's claims pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). Reynoso admits the forum selection clause exists, but responds that it is against public policy because it does not allow Massachusetts residents to bring claims pursuant to Massachusetts law and is therefore unenforceable.

### 1. Motion to Dismiss

LaserShip first moves to dismiss Reynoso's claim for failure to state a claim under Rule 12(b)(6). Although Rule 12(b)(6) remains a proper vehicle to seek enforcement of a forum selection clause in this Circuit, a district court should "ordinarily" use § 1404(a) to enforce a forum-selection clause that identifies a federal forum for the convenience of the parties and in the interest of justice. Atl. Marine, 571 U.S. at 62.

The forum-selection clause in the Agreement does not require that action be brought in the Eastern District of Virginia. Instead, it states that any legal proceeding under federal law will be brought in Vienna, Virginia or the nearest location in Virginia in which the proceeding can be maintained. That language indicates that the parties have agreed to bring any federal actions in the Eastern District of Virginia because it encompasses Vienna, Virginia. See Herbert H. Landy Ins. Agency, Inc. v. Navigators Mgmt. Co., Inc., No. 14-12552-FDS, 2014 WL 3908179, at *5 (D. Mass. August 8, 2014) (holding that the proper district for federal actions was the Southern District of New York pursuant to a forum-selection clause that made New York, New York the proper forum for disputes).

Because (1) the Supreme Court has held that a district court should "ordinarily" rely upon § 1404(a) to enforce a

forum-selection clause and (2) the appropriate federal district for venue can be determined by the forum-selection clause, obviating the need for plaintiff to refile if the case is transferred pursuant to § 1404(a), this Court will proceed to consider defendants' motion to transfer pursuant to § 1404(a). See Atl. Marine, 571 U.S. at 62.

### 2. Motion to Transfer

LaserShip contends that the forum-selection clause in the Agreement should be enforced because there is no public interest warranting a refusal to transfer, the forum selection clause encompasses the claims brought in this action and the forum-selection clause is mandatory, as opposed to permissive. Reynoso responds by suggesting that the forum-selection clause is invalid because it effectively waives rights under the Wage Act in violation of the anti-waiver provision. He also rejoins that the forum-selection clause is invalid because it contravenes Massachusetts public policy.

The analysis established in Atlantic Marine warrants enforcement of the forum-selection clause and transfer pursuant to § 1404(a). First, the fact that Reynoso filed this action in Massachusetts is entitled to no weight. Atl. Marine, 571 U.S. at 63. Next, contrary to Reynoso's contention, there is no public interest consideration sufficient to render this an "unusual case" warranting a decision not to transfer in the face of a

forum-selection clause. Id. at 64.  Upon transfer to the proper federal forum, here the Eastern District of Virginia, that district will apply the choice-of-law rules of Virginia.

Enforcement of the forum-selection clause in the Agreement does not constitute a waiver of Reynoso's rights under the Wage Act.  Plaintiff's contention that Virginia courts will decline to apply Massachusetts law, effectively allowing the forum-selection clause to operate as a waiver of rights, is unavailing.  First, although the Wage Act

> does embody fundamental public policy, nothing in the Wage Act's text or structure suggest that enforcement must always be available in Massachusetts.

Melia v. Zenhire, Inc., 462 Mass. 164, 169 (2012).  The prohibition of waivers in the Wage Act does not require that private claims brought under the Wage Act be adjudicated in Massachusetts. Id. at 171.  To rebut the presumption that a forum-selection clause is enforceable with respect to Wage Act claims, a party must show (1) the Wage Act applies, (2) the selected forum's choice-of-law rules would select a law other than Massachusetts and (3) the application of the law would deprive the employee of rights guaranteed by the Wage Act. Id. at 181.

The plaintiff has failed to demonstrate that the transferee Court would apply choice-of-law rules contrary to Massachusetts law.  Virginia courts will set aside choice of law provisions

where application of the law of the chosen state would be adverse to a fundamental policy of a state which has a materially greater interest than the chosen state. See Zaklit v. Global Linguist Sols., LLC, 2014 WL 3109804, at *21 (E.D. Va. July 8, 2014) (citing Malpractice Research, Inc. v. Norman, 24 Va. Cir. 118, 119 (Va. Cir. Ct. 1991)) ("[A] Virgina Court can decline to honor a choice-of-law provision if application of the chosen law will usurp a statutory claim that is a fundamental policy of a state which has a materially greater interest in the litigation.").

In a similar putative class action, brought in Massachusetts state court and later transferred to the Eastern District of Virginia, the transferee court determined that, notwithstanding a valid choice-of-law provision in the independent contractor agreement, Massachusetts law would apply to plaintiffs' claims because the underlying contracts were made and performed in Massachusetts and Massachusetts "ha[d] a policy interest in the subject matter of the case". Sanchez v. LaserShip, Inc., 2012 WL 3730636, at *7 (E.D. Va. Aug. 27, 2012) (citing Erie Ins. Exch. v. Shapiro, 248 Va. 638 (Va. 1994)) (holding that both Virginia and Massachusetts choice-of-law required the application of Massachusetts law in that case).

Reynoso has not met his burden of demonstrating that Virginia's choice-of-law rules would select a law other than

Massachusetts. Accordingly, the forum-selection clause does not operate as a "special contract" that would impermissibly waive rights under the Wage Act and the motion to transfer will be allowed.

### III. Arbitration Provision

LaserShip also moves, in the alternative, to dismiss Reynoso's claims on the theory that Reynoso is required to arbitrate under the Agreement's mandatory arbitration clause. Reynoso responds that the class/joinder waiver in the arbitration clause is unlawful because it contravenes Section 7 of the National Labor Relations Act, 29 U.S.C. §§ 151 et seq. Although plaintiff's argument has since been rejected by the United States Supreme Court, Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1632 (2018), because this Court cannot compel arbitration in another forum under the Federal Arbitration Act, 9 U.S.C. § 4, Ansari v. Qwest Commc'ns Corp., 414 F.3d 1214, 1219-20 (10th Cir. 2005) (collecting cases), it is appropriate instead to transfer the case.

### IV. Defendants' Request for Fees and Costs

LaserShip moves for fees, costs and damages associated with this motion to transfer pursuant to 28 U.S.C. § 1927, contending that plaintiff's counsel refused to transfer the action to Virginia voluntarily despite the advice of defendants' counsel

with respect to the forum-selection and arbitration clauses of the Agreement.

Plaintiff's counsel has not complicated the proceedings so unreasonably or vexatiously as to require his payment of fees and penalties. See 28 U.S.C. § 1927. Although plaintiff's public policy argument is tenuous and nullification of a forum-selection clause is disfavored, counsel did not display a "serious and studied disregard for the orderly process of justice". See Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990) (explaining that a showing of negligence, inadvertence or incompetence is not enough to warrant the imposition of sanctions).

Courts generally reserve sanctions for cases where attorneys pursue frivolous and time-consuming arguments unsupported by fact or law. See Cruz 896 F.2d at 633 (holding that the litigation of one due process claim was "a vexatious, time consuming exercise which bore no fruit" because counsel ignored the due process claim and used the trial to appeal an administrative hearing); see also Cronin v. Town of Amesbury, 81 F.3d 257, 262 (1st Cir. 1996) (holding that attorney's failure to articulate any reasoned basis for why the District Court erroneously dismissed his claim needlessly multiplied the proceedings and warranted the imposition of sanctions).

Plaintiff has not acted with such disdain and sanctions will not be imposed.

### ORDER

For the foregoing reasons, defendants' motion to dismiss or transfer venue (Docket No. 12) is **ALLOWED** and the case is transferred to the Eastern District of Virginia.

**So ordered.**

/s/ Nathaniel M. Gorton<br>Nathaniel M. Gorton<br>United States District Judge

Dated June 22, 2018